# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOAT BALLARD, | ) | 1:07cv0136 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| TYRONE M. JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Moat Ballard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed the instant complaint pursuant to 42 U.S.C. § 1983 on January 24, 2007. Plaintiff names Tyrone M. Jones, Tanesha Jones and Tanika Mackey as Defendants.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

1

can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Analysis

Plaintiff alleges that he and Defendants Tyrone M. Jones and Tanika Mackey inherited a home.  He further alleges that Mr. Jones, Tanesha Jones and Ms. Mackey lived in the home from February 2005 through January 2007.  Plaintiff has not received any payments for rent and believes that a $60,000 loan has been taken out on the home.

Plaintiff requests rent in the amount of $800 per month, for rent ($16,000).  Plaintiff also indicates that he wants to file forgery charges against Mr. Jones and Ms. Mackey, and requests that their assets be frozen until this action is over and he receives all documents relating to the

home.

C.     Analysis

Plaintiff files this action pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983, then, only provides a cause of action against government actors. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.C. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The named Defendants are private individuals and cannot be liable under section 1983.

Plaintiff is also unable to establish jurisdiction. He cannot state a cause of action under section 1983, nor any other federal statute, against private individuals to recover rent or allege a forgery. Nor can Plaintiff bring this action under this Court's diversity jurisdiction. He does not state where the Defendants reside, but even if they resided in a state other than where Plaintiff resides, the amount in controversy does not exceed $75,000 and is therefore not sufficient to invoke diversity jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff's complaint contains causes of action under state law and he has not stated a claim for which relief can be granted in this Court. Accordingly, the Court recommends that this action be dismissed without leave to amend as the deficiencies are incurable.

## RECOMMENDATION

For the reasons stated above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
3  <u>Aalst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:**   **February 4, 2009**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE